' Saul S. Streit, J.
This is a motion for summary judgment, dismissing the complaint. Since the action is one to set aside conveyances claimed to have been fraudulent and void as to plaintiffs, it is not one of those in which a plaintiff is permitted by rule 113 of the Eules of Civil Practice to apply for judgment in his favor. It follows that defendants may succeed upon this motion only if they establish, solely by “ documentary evidence or official record ”, that plaintiffs do not possess a good cause of action.
Plaintiffs have obtained two judgments against defendants Korman, Volner and Saslow, on guarantees alleged to have been the joint obligations of said defendants. Shortly prior to the entry of the judgments, Korman, Volner and Saslow, as general partners of Concourse, Plaza Company, a limited partnership, caused the real property owned and operated by the limited partnership as the Hotel Concourse Plaza, together with the attached and appurtenant personalty, to be conveyed to Gr. C. H. Incorporated, which is the present record holder of the title. This is the conveyance which plaintiffs seek to set aside, on the ground that it was made with the purpose of hindering and delaying and defrauding them in the collection of their claims and rendered the judgment debtors ‘ ‘ no longer able to pay the judgments due the plaintiffs herein ’ \
The moving defendants allege that the purpose of the conveyance was ‘1 better to protect the interests of the Limited Partners in concourse plaza company and its creditors ’ ’. All the stock of the grantee corporation is claimed to be held by three of the limited partners pursuant to declaration of trust “ for the sole and exclusive benefit of the partners in Concourse *247 Plaza Company, a limited partnership, and its creditors ”. Defendants claim that the limited partnership consists of the three general partners, against whom plaintiffs’ judgments were obtained, and about 250 limited partners (the three general partners are also included among the limited partners). Defendants contend that plaintiffs are not creditors of the limited partnership merely because they possess judgments against the general partners, and that plaintiffs, therefore, have no standing to maintain this action. They further maintain that the property of the partnership is specifically exempted from attachment or execution ‘ ‘ except on a claim against the partnership ” (Partnership Law, § 51, subd. 2, par. [c]). It is also urged that the conveyance is not fraudulent because it changed only the form, not the substance, of the partnership’s asset.
Although the property of a partnership is not subject to attachment or execution except on a claim against the partnership, a judgment creditor of any general or limited partner has a statutory right to obtain an order charging his debtor’s interest in the partnership with payment of the unsatisfied amount of the judgment with interest thereon (Partnership Law, §§ 54, 111). By conveying the hotel property from the limited partnership to Gr. C. H. Incorporated, the judgment debtors hindered, delayed and interfered with plaintiffs’ ability to obtain the charging orders to which they were and are entitled. Until and unless the record title is retransferred to the limited partnership, plaintiffs are in no position to reach, through charging orders, the interests of the judgment debtors in the partnership property. The declaration of trust, relied upon by defendants, is insufficient, in itself, to entitle them to have this action dismissed. Plaintiffs are not required to accept a conveyance of the property by the partnership to a corporation, accompanied by such a declaration of trust by its stockholders, in lieu of the retention of the property in the name of the partnership. The statutory right to charging orders against the judgment debtors’ interests in a partnership is not broad enough to permit the obtaining of charging orders against the equitable interests of the judgment debtors under a declaration of trust executed by stockholders of a grantee corporation. It is to be noted that the declaration of trust is limited, in its reference to creditors, to creditors of the partnership, and that it does not purport to be for the benefit also of creditors of individual members of the partnership.
In the court’s opinion, the record before it makes out a good prima facie case for a decree directing the retransfer of title *248 to the limited partnership. The defendants have failed to establish, by ‘ ‘ documentary evidence or official record ’ ’ that plaintiffs are not entitled to recover.
Motion denied.