Aron Steuer, J.
Defendant is the owner of a building. It is managed by James A. Felt Corp. Plaintiff attempted to serve defendant by serving the latter corporation. Had they done so the service would be valid. (Henriques v. Gauthiod Mar. Ins. Co., 205 App. Div. 8; Appleby v. Insurance Office of Australia, 119 Misc. 378.) The person claimed to be served was a Mr. Frank. He was not an officer of the Felt corporation but had the title of manager of the particular property. The next question is whether Mr. Frank was a managing agent within the meaning of section 228 of the Civil Practice Act. While the record is not very clear the following facts appear — the office performed the usual functions of management, collecting rents, dealing with the tenants and the like; Mr. Frank did these things but there was also an executive vice-president on the premises whose functions are not clear; this was one of several projects of James A. Felt Corporation. Undoubtedly the term managing agent in section 228 is given a liberal interpretation. (Fischer v. Seaman’s Church Inst. of N. Y., 275 App. Div. 947.) While the strict language might limit the person who could be served to one who managed the entire corporation the probable meaning would include one in charge of a branch office whose powers are general.
Lastly the method of service is in question. The process server did not hand the summons to Mr. Frank. He gave it to a receptionist who in turn gave it to him. While this is not the same thing as manual delivery, in this instance it is the equivalent. Like many other propositions it is a matter of degree. Where the delivery is so close both in time and space that it can be classified as a part of the same act service is effected.
The report of the Official Referee is not confirmed. The original motion is denied. Defendant will have 20 days from the service of the order with notice of entry in which to answer.