Abraham N. Geller, J.
Motions No. 145 of January 19, 1962 and No. 61 of January 17,1962 are consolidated. In the former, plaintiff has moved to disaffirm the report of the Special Referee recommending that service of process upon an officer of a general exporting firm as alleged managing agent of defendant Estwing Manufacturing Company, an Illinois corporation, be set aside, and defendant has cross-moved to confirm. Shortly after the adverse report was filed, plaintiff served the owner of a manufacturers’ representative firm, defendant’s sales agent in the State, as its purported managing agent. In the second of the enumerated motions defendant seeks to set aside such service.
In the present state of the record it cannot be said that plaintiff has established that defendant corporation is doing business in this State to such an extent as to be amenable to process in this action. But, in any event, it is clear that the officer of the exporting firm, which similarly represents many other accounts, cannot be considered defendant’s managing agent. The report of the Special Referee is accordingly confirmed.
*783 With respect, however, to the subsequent service, it may be that a fuller development of the extent and relationship of defendant’s business in this State to its business as a whole and to the business done by the manufacturers’ representative and exporting agencies will indicate such substantial, regular and organized activity as may properly be deemed to constitute ‘‘ doing business ’ ’ within the State. The infant plaintiff, a resident of the State, who lost his eye as the result of the alleged breaking of defendant’s “unbreakable” Estwing geologist hammer purchased in this city, should be afforded another opportunity to present such detailed evidence of defendant’s activities in connection with the service effected on its sales agent in the State. The present record will, of course, be part of the entire record to be taken into consideration.
Estwing has no office or employee as such in the State. If, however, the extent of its activities here is deemed to be something appreciably more than mere solicitation (Elish v. St. Louis Southwestern Ry. Co., 305 N. Y. 267) imparting “ a fair measure of permanence and continuity” (Tausa v. Susquehanna Coal Co., 220 N. Y. 259, 267), “the circumstance that the foreign corporate defendant is represented in its local activities by a separate individual or by a separate corporation and not by a directly controlled subsidiary or branch office is not in itself determinative ” (Sterling Novelty Corp. v. Frank & Hirsch Distr. Co., 299 N. Y. 208, 211).
Since there is no precise test which can be applied in this field, it is the combined effect of all of defendant’s acts and transactions in the State which must be weighed. In and of themselves the following acts here shown are not controlling: employing a general exporting firm representing many other accounts to process and clear shipments through our port (Jarno v. Eugene, Ltd., 111 N. Y. S. 2d 182); having its name appear in the telephone directory followed by the words ‘1 Export Department, ’ ’ and the address of the exporting firm (Hastings v. Piper Aircraft Corp., 274 App. Div. 435); having a manufacturers’ representative firm act as its exclusive sales agent in the State, if it is shown that such firm represents many other manufacturers (Sterling Novelty Corp. v. Frank & Hirsch Distr. Co., supra, p. 212).
Although the landmark case of International Shoe Co. v. Washington (326 U. S. 310) holding that a State may constitutionally exercise jurisdiction over a foreign corporation on the basis of substantial contacts in such State, has not, absent legislation to that effect, changed the settled rule in this State as to the requirement of doing business within the State (Ames *784 v. Senco Prods., 1 A D 2d 658), “ it must be manifest that the concept of ‘ doing business ’, even that resting on mere solicitation by salesmen, has been broadened ” by the International Shoe case (Berner v. United Airlines, 3 A D 2d 9, 13). Thus it has been held that even though the foreign corporation has no office in the State, the regular maintenance of a sales force, if of sufficient magnitude and organization, is something more in degree than mere solicitation and may constitute “ doing business ” in the State (Benware v. Acme Chem. Co., 284 App. Div. 760; Grunder v. Premier Ind. Corp., 12 A D 2d 998).
Here the manufacturers’ representative company is said to represent three other firms in addition to this defendant and to have two or three salesmen in its employ. If the local agent, though an independent contractor in form, handled no other accounts, there would be no hesitation in finding that the foreign corporation was doing business in the State (see Sterling Novelty Corp. v. Frank & Kirsch Distr. Co., supra). The mere fact that the agent works for several principals should not be necessarily determinative (Bomze v. Nardis Sportswear, 165 F. 2d 33, 36). Otherwise, by arranging for its agent to take on some added “paper” representations, a foreign corporation could by subterfuge avoid the responsibility of “ doing business ” within the meaning of our laws. The inquiry should be directed to the extent of defendant’s business done by the local agent as compared with his entire business and the degree of supervisory control by defendant. The test is whether the business done here may properly be deemed substantial under the circumstances of the business transacted by the foreign corporation and the local agent, and whether it is regular and systematic and amounts to more than mere solicitation
Accordingly, the motion to set aside service of process (No. 61 of Jan. 17, 1962) is referred to Hon. Edgar J. Nathan, Jr., Official Referee, to hear and report with respect to the afore-mentioned issues. Pending the coming in of his report, determination of the motion will be held in abeyance. The parties may, of course, stipulate that the reference to Judge Nathan be deemed one to hear and determine.