Louis L. Friedman, J.
The defendant Gold Key Lines, Incorporated, moves to set aside and vacate the service of a summons upon it on the following grounds: (1) that it is a foreign corporation not doing business in New York, and (2) that the person served is not a managing agent of the defendant corporation.
In view of the contentions raised by the moving papers, a hearing was held and based upon the testimony taken at such hearing, the court finds the following facts, to wit:
Defendant corporation is a foreign corporation not licensed to do business in New York State. It solicits business in this State, is engaged in interstate trucking, but in the performance of its work defendant from time to time picks up shipments in one part of New York and delivers them to another part of New York. In doing so, in order to comply with its Interstate Commerce Commission license, it leaves New York State at one point and re-enters at another point. On many occasions it leases and brokers trucks in New York to other truckers. When necessary to do so, it hires trucks from other trucking concerns in New York State for the purpose of picking up freight in this State. The corporation does not have any offices in New York State but maintains and pays for its own telephone in the *47 offices of another corporation named Watkins Motor Lines in Batavia, New York. This office is solely manned by one Robert Gohlke, an employee of Watkins Motor Lines and a brother of the principal stockholder and president of the defendant corporation, one Fred Gohlke. The summons in this action has been served upon Robert Gohlke. The latter has not been designated as defendant’s agent in New York; nor is he an officer or stockholder of the defendant. He contacts customers of the defendant for the purpose of procuring loads of freight for the defendant’s trucks. When an order is received he locates one of the defendant’s trucks in his area (Batavia, New York) and directs the driver to pick up the freight. If a truck is not available he brokers a truck from another trucker. He also leases in behalf of his regular employer, Watkins Motor Lines, trucks from this defendant. For this purpose he does not call the defendant for permission to do so but acts entirely upon his own discretion. The leasing is done from the office in Batavia, New York. He is compensated by the defendant for his services, but such compensation is by way of commission rather than by way of straight salary. It is claimed that such commission is for his services as broker.
At the time of the service of the summons defendant had not designated anyone upon whom service of summons could be made, nor did it have any of its officers present in New York State.
Although there is no precise test which can be applied to the issue of doing business implicit in the determination whether an unlicensed corporation is subject to the service of process in this State, the combined effect of all of the defendant’s acts and transactions in the State must be weighed. (International Shoe Co. v. Washington, 326 U. S. 310; Singer v. Walker, 32 Misc 2d 782.) Thus it has been said in Elish v. St. Louis Southwestern Ry. Co. (305 N. Y. 267) that “ Although mere solicitation of business by a foreign corporation within this State may be insufficient to make it subject to the jurisdiction of our courts (Green v. Chicago Burlington & Quincy Ry., 205 U. S. 530, 533-534; Yeckes-Eichenbaum, Inc. v. McCarthy, 290 N. Y. 437, 443-444), nevertheless^.!.solicitation * * * plus some additional activities there'}are sufficient to render the corporation amenable to suit ' * * *.’ (International Shoe Co. v. Washington, 326 U. S. 310, 314.) ” (Emphasis supplied.)
In view of all the facts and circumstances here presented, the court is of the opinion that the defendant conducted a substantial part of its business within the State of New York and *48 therefore was present for the purpose of effecting service of process upon it within the meaning of the provisions of section 229 of the Civil Practice Act.
The court is also of the opinion that Robert Cohike was a managing agent of the defendant within the meaning of section 229 of the Civil Practice Act. “ The test is whether the relationship is such as to justify the inference that notice given to the agent will be transmitted to the principal ” (Mastan v. Desormeau Dairy-Vend Serv., 11 A D 2d 860, and cases cited therein). It appears from all the circumstances that Robert Cohike was in constant communication with defendant corporation and that he had unlimited authority to lease to his employer the trucks of the defendant. In addition, he had unlimited authority to hire in behalf of the defendant such trucks as the defendant needed to carry on its business within the State of New York. In addition, it appears that he had authority to direct the defendant’s drivers to pick up freight at various places including places within the State of New York. Robert Gohlke accordingly was managing agent of defendant corporation for the purpose of receiving process in this action. The motion to vacate service of a summons is accordingly in all respects denied.