Nicholas M. Pette, J.
Defendant United States Fidelity & Guaranty Co., hereinafter referred to as the u Insurer ”, appearing specially for the purpose of this motion, moves *840 pursuant to section 237-a of the Civil Practice Act or, in the alternative, pursuant to rule 3211 of the Civil Practice Law and Rules, for an order setting aside the alleged service of process herein and dismissing plaintiff’s cause of action, on the ground that service was not made pursuant to section 229 of the Civil Practice Act and that this court has no jurisdiction over the person of the defendant Insurer.
This is an action by plaintiff against the two defendant insurance companies alleging that it suffered a certain fire on or about August 14, 1962, that the loss resulting therefrom was covered by policies issued by the defendants and that no payment of said fire loss has been made by the defendants.
It appears that after negotiations between the parties to agree on the amount of the loss and effect a settlement were unavailing, that plaintiff instituted this action.
The plaintiff contends that if service of the summons herein is not maintained, it is likely that the defendants will avail themselves of the defense of the Statute of Limitations contained in the standard fire policies issued by the defendants reading: “No suit or action on this policy for the recovery of any claim shall be sustainable in any Court of law or equity, unless all of the requisites of this policy shall have been complied with and unless commenced within twelve months next after inception of the loss.” This action was commenced on August 13, 1963, at approximately 4:00 p.m., by the alleged service of the summons and about one day prior to the expiration of the aforesaid 12-month period.
It appears that defendant Insurer is a foreign corporation authorized to do business in the State of New York; that it maintains an office in its own building at 100 Maiden Lane in the Borough of Manhattan, City and State of New York and that it has filed an authorization for the service of process upon the Superintendent of Insurance with that officer. It also appears that a copy of the summons in this action was, on August 13, 1963, allegedly delivered to the executive secretary of the vice-president of the defendant Insurer in charge of the Insurer’s office at 100 Maiden Lane, New York City, by a process server.
The process server, in his affidavit submitted in opposition to the Insurer’s motion, alleges that on August 13, 1963, he went to the offices of the Insurer at 100 Maiden Lane, New York City, and told the receptionist there that he had a summons to serve on the Insurer and asked her to whom he should deliver it; that the receptionist thereupon directed him “to a Miss Mabel Hart, managing agent ” of the Insurer and “ executive *841 secretary to George Avery, Vice President ’ ’ of the Insurer, “ and to give her the summons ”; that the process server thereupon entered Miss Hart’s private office “ and informed her that I had a summons to serve in this action upon the united states fidelity and guaranty co. I asked upon whom in the company I could make service of the summons in this action. She asked me to wait a moment until she went in to speak to Mr. Avery about this matter. When she came back out of Mr. Avery’s office, she told me to give her the summons and that she would take care of it. She gave me her name and the other relevant information for any affidavit of service. * * * Miss Mabel Hart held herself out to me to be a person of responsibility, who was authorized to accept the service of the summons in this action. She did not tell me to serve the summons on any one else. She did not object to receiving the summons. She asked me to give it to her on behalf of the Company. ’ ’
In support of its motion the Insurer submits affidavits by a resident secretary of the Insurer and by the assistant manager of the Insurer’s branch located at 100 Maiden Lane, New York City, both of whom aver that they were in their office on August 13, 1963 and available for the service of any papers upon the Insurer; also an affidavit by George Avery, the vice-president of the Insurer who avers that on the afternoon of August 13, 1963, and more particularly at about 4:00 p.m., he was in his office on the fifth floor of 100 Maiden Lane, where and when the alleged service is claimed to have been made, and he denies that Miss Mabel Hart entered his office to discuss the service of a summons in this case or that she discussed such a summons with him on that day.
The Insurer also submits an affidavit by Miss Mabel Hart, wherein she states that she is the executive secretary to George Avery, vice-president in charge of the office; that she is not an officer of the Insurer nor does she perform the functions of an officer under another name; that she is not designated for the service of process by a certificate filed with the Department of State, Department of Banks, the Department of Insurance, nor is she a cashier, assistant cashier or director of the Insurer, and she avers that at about 4:00 p.m., on August 13, 1963, she was handed the summons by a process server whose name is unknown to her.
Process herein was served before the Civil Practice Law and Buies went into effect.
The question of whether service is valid has often arisen in disputes over the definition of “managing agent”. The test is 6 ‘ whether the relationship is such as to justify the inference *842 that notice given to the agent will be transmitted to the principal ” (Tauza v. Susquehanna Coal Co., 220 N. Y. 259; Mastan v. Desormeau Dairy-Vend Serv., 11 A D 2d 860; International Business Mach. Corp. v. Barrett Division Allied Chem. & Dye Corp., 16 A D 2d 487; Benjamin v. Logan, 34 Misc 2d 46). The agent’s position must be of such a nature and of such importance and responsibility as completely to justify such an inference. (Mastan v. Desormeau Dairy-Vend Serv., supra.)
In the ease at bar the inference is well justified by the facts attested to in the affidavit of the process server. He was directed to Miss Mabel Hart, the executive secretary to the vice-president, a person who was looked upon by the employees of the Insurer as a person of authority and responsibility. Miss Hart consulted with a senior officer of the Insurer before accepting the summons and providing the information necessary for the affidavit of service.
In International Business Mach. Corp. v. Barrett Division Allied Chem. & Dye Corp. (supra, pp. 489-490), one of the duties of the engineer, upon whom valid service had been made, was to report to his superiors all business matters coming to his attention. This is precisely what happened in the instant case. The modern trend seems to be that one can be a managing agent for purposes of service if he has a degree of discretion in handling some corporate matters and is in constant communication with the officers. It is significant that Miss Hart, in her affidavit, does not deny the averment by the process server that she consulted her superior, vice-president Avery, before she accepted the summons from the process server that she would take care of the summons. Nor does Miss Hart state that she said anything to the process server to apprise him that she was not the person upon whom the summons should be served or inform him upon whom the summons should be served. She was the executive secretary to the vice-president, a position of responsibility and discretion. The affidavit of Mr. Avery, verified some two months after the alleged service was made, to the effect that he was not in his office at the time the service is alleged to have been made and that Miss Hart did not consult him, may well be statements mistakenly made, considering the many duties of grave responsibility his position with the company entailed, and it does not seem likely that he should recall the precise hour on August 13, 1963, when the service was made.
The circumstances disclosed from the papers submitted on this motion reveal that the Insurer had negotiated for settlement of the fire loss before the action was instituted and that it did *843 receive notice of this action. In Green v. Morningside Heights Housing Corp. (13 Misc 2d 124, affd. 7 A D 2d 708) Mr. Justice Aeon Steuer upheld service on the defendant corporation where the summons had been delivered to a mere receptionist. There, the receptionist turned the summons over to the managing agent of the corporation. The court said (p. 125) that “ Where the delivery is so close both in time and space that it can be classified as part of the same act service is effected.”
In the case at bar, the summons was delivered to the executive secretary to the vice-president in charge of the Insurer’s office (not a mere receptionist), working in close collaboration with that executive, after Miss Hart was informed of the process server’s purpose and after she had presumably spoken to her immediate superior, the vice-president of the Insurer. The stamping of the summons (see defendant’s moving papers) as received by the Insurer shows not only closeness in time and space, but actually contemporaneous delivery of the summons and its consequent notice to a high officer of the defendant Insurer.
The cases holding that delivery of process to a corporation’s receptionist is not valid service are to be distinguished from the facts in the Green case (supra) and the facts at bar.
Where there is a lapse of time between delivery of the summons to the receptionist and her delivery thereof to an officer, such service is not valid even though the officer received the summons later the same day. (Clark v. Fifty Seventh Madison Corp., 13 A D 2d 693, app. dsmd. 10 N Y 2d 808.) However, Justice Steuer’s test of closeness in time and space was not met in the Clark case (supra). The result is the same where the summons is left with a secretary for a corporate officer when there is no corporate officer present in his office or on the premises. (Piedmont v. Society of N. Y. Hosp., 25 Misc 2d 41.)
In this court’s opinion, the facts in the case at bar show that by delivery of the summons to the executive secretary to the vice-president, under the circumstances disclosed, valid service of the summons was made and that this court has acquired jurisdiction over the defendant Insurer.
The Legislature in interpreting court decisions has attempted to liberalize the method of service of a summons upon a corporation. Both the law and equity are intended as the means to effect justice, not as instruments to further or countenance injustice. Paramount consideration should be given to substance rather than procedural technicalities urged to defeat justice by denying parties their right to their day in court on *844 the merits where, as here, there appears to be merit to such party’s claims.
Ordinarily where, as here, the affidavits, pro and con, are in marked conflict as to the facts relating to the circumstances involving the alleged service of process, the issues thus raised would be referred to a Referee to hear and report. (Civ. Prac. Act, § 237-a, subd. 3, pars, [b], [c], adopted as CPLR, rule 3211.) But since the facts elicited demonstrate that the alleged service was made upon a person of responsibility in close contact with the vice-president of the Insurer, and that said person accepted such service after first consulting with her superior, the said vice-president, who was present and in close proximity at the very time service was made and accepted by said responsible person, pointed out to the process server by the receptionist as the person to see in connection with the service of process, and such person by her very actions and statements indicated that the service so made was proper, the need for a reference becomes unnecessary. Furthermore, the court is enabled to determine said issues on the convincing showing made by the plaintiff in the affidavits it has submitted in opposition to defendant’s motion.
Upon all the facts and circumstances shown in the papers submitted on this motion, and the applicable authorities cited, this court is constrained to deny the defendant’s motion for the foregoing reasons. Motion denied.