■ B & J BAKERY, INC., Respondent, v. UNITED STATES FIDELITY & GUARANTY Co., Appellant, et al., Defendant.— In an action to recover for a fire loss under a fire insurance policy, defendant United States Fidelity & Guaranty Company appeals from an order of the Supreme Court, Queens County, dated November 22, 1963 (see 40 Misc 2d 839), which denied its motion, made upon a special appearance, to set aside the service of the summons upon it and to dismiss the complaint. Order reversed, without costs, and matter remitted to Special Term for the purpose of holding a hearing and making a determination de novo upon the proof to be adduced thereon. The said defendant is a foreign corporation authorized to transact business in this State. At 4:00 P.M., on August 13, 1963 a process server entered its building, and a receptionist directed him to the executive secretary to the vice-president in charge of defendant's New York office. No hearing was held and no testimony was taken on this motion to set aside the service of the summons. The affidavits submitted disclose, however, that this "executive secretary," after being informed of the process server's purpose, told him

to wait. She then entered the vice-president's office; when she returned to her own desk she told the process server to give her the summons and she would take care of it. The summons was stamped as received by her. Subdivision 3 of section 229 of the former Civil Practice Act, by which the validity of the service must be tested, designates "a managing agent" of a foreign corporation as one of the persons who may be served with process. That subdivision, however, may not be utilized until it is demonstrated that service has been attempted pursuant to the first two subdivisions of section 229 (*McKeon* v. *McGowan & Sons*, 229 App. Div. 568; *Commissioners of State Ins. Fund* v. *Singer Sewing Mach. Co.*, 281 App. Div. 867). There is no proof in this record demonstrating that the statutory priority was followed. In any event, there is no proof that this executive secretary who received the process, was a managing agent endowed with responsibilities and duties involving judgment or discretion. The primary case relied on at Special Term (*Green* v. *Morningside Hgts. Housing Corp.*, 13 Misc 2d 124, affd. 7 A D 2d 708) is distinguishable in two significant aspects. First, there a *domestic* corporation was the defendant, and in such a case the service on a managing agent pursuant to section 228 of the former Civil Practice Act is authorized without previously attempting service in any other manner. Second, in *Green*, the process server handed the summons to a receptionist who, in the presence of the server, immediately handed it over to a managing agent of the defendant corporation. The court held that this transferral from the receptionist to the agent was "so close both in time and space that it can be classified as a part of the same act" of service. Here, there is nothing in the record that shows a transferral immediately, or even subsequently, by the executive secretary to a person authorized to receive service on behalf of a foreign corporation. We believe, however, that plaintiff ought to be given the opportunity: (a) to demonstrate that it attempted to effect service pursuant to the first two subdivisions of section 229 of the former Civil Practice Act; and (b) to clearly delineate the duties and responsibilities of the executive secretary. A hearing should be held and testimony adduced, and for that purpose we are remitting the matter to Special Term. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.