Leonard H. Sandler, J.
After a hearing on the defendants’ motion to dismiss the complaint on the grounds of improper service, I find that the service was legally sufficient and that the motion must be dismissed.
Factually, a very sharp issue was posed by the conflicting testimony of the process server and Frank Gilbert, “ the managing agent,” whose service is disputed.
I accept as fundamentally correct the testimony of the process server who said substantially the following: On June 24, 1969, he went to the offices of the defendants (interlocking corporations who occupy adjoining offices) where he stated his purpose to a lady who appears to have been a receptionist. She escorted him to an inner office in which he was introduced to a Mr. Gilbert, who was presented to him as someone qualified to accept process for the defendants. He then served Gilbert, who accepted the process, and confirmed his authority to do so.
Although Gilbert was a persuasive witness, the defendants’ version simply does not explain how the process server happened to secure the name of someone who was an insurance broker servicing the defendants, and not an officer or employee. Nor does it begin to explain why the process server, if he were inclined to fabricate a service of process that never took place, would have plucked out of the air a name that could not possibly be associated with the defendants rather than the name of a listed officer. Finally, the defense version does not explain how the summonses came to the attention of their lawyer so promptly that counsel entered into a stipulation only one month after the disputed service.
The most reasonable inference, although by no means a certain one, is that the event occurred substantially as described by the process server, and that Gilbert forgot the episode, or someone in defendants’ offices, with questionable purpose, used Gilbert’s name and simulated authority to receive the process.
Since Gilbert was not in fact a “ managing agent,” or someone authorized to receive process for the defendants, a legal question of some difficulty is presented.
I am aware of the line of cases that might plausibly be presented as establishing the invalidity of the service here. However, close analysis of these cases indicates that they fall basically into one of two categories: (1) cases in which the very office to which the process server went was unlikely to have an officer of appropriate authority to receive process (see, e.g., *924 Isaf v. Pennsylvania R. R. Co., 32 A D 2d 578); or (2) cases in which the process server acted so carelessly that sustaining service would open the door to grave abuse. (See, e.g., McDonald v. Ames Supply Co., 22 N Y 2d 111.)
Neither of these factual situations is present in this case. The instant case is quite similar to, and indeed a better occasion for sustaining the validity of service than Green v. Morningside Hgts. Housing Corp. (13 Misc 2d 124, 125, affd. 7 A D 2d 708).
In the Green case, the process was physically handed to the receptionist, a person clearly unauthorized to accept it, who thereafter gave it to the appropriate person, whose name was set forth in the affidavit of service. In sustaining the service, the trial court (Steuer, J.) said (p. 125): “While this is not the same thing as manual delivery, in this instance it is the equivalent. ’ ’
It is surely noteworthy that in the McDonald case, the Court of Appeals, although reaching a different result on similar facts, mentioned the Green case without questioning its correctness on its particular facts.
In the McDonald case, the Court of Appeals set forth as the central test whether the process server (p. 115): “ has acted reasonably in placing the summons within reach of the defendant, and, therefore, with 1 due diligence ’ in fulfilling the statutory requirement of personal delivery * * * In such cases, service is sustained even though the process server did not in fact hand the summons to the proper party.”
Surely, on the facts here found, the process server cannot be fairly charged with lack of “ due diligence.” No doors are being opened to sloppy procedures that might jeopardize legitimate rights and maximize unjustified default judgments.
On the contrary, to sustain the instant motion would not only deprive this plaintiff of his day in court, but would invite corporate defendants, upon whom process is sought to be effected at their regular place of business near the end of the statutory period, to engage in deceptive maneuvers designed to mislead the process server and to defeat justice.
When a process server undertakes to serve process on a corporation or other business entity at its regular place of business pursuant to CPLR 311 (subd. 1), he has a right to assume that corporate employees whose duties include meeting and guiding visitors will act honestly and co-operatively.
The motion to dismiss is denied and the service of process is sustained.