Marshall E. Livingston, J.
This motion is brought by defendant to dismiss the action pursuant to CPLR 3211. Defendant *1020 says that the court does not have jurisdiction because it has not been served personally with the summons, pursuant to CPLR 311.
The matter came on before me at the October 1970 term of this court and was adjourned to permit plaintiff to furnish further proof of personal service upon the pastor or appropriate officer of the defendant.
Plaintiff subsequently submitted an affidavit of the Reverend Edward A. Shamon, defendant’s pastor and treasurer. Father Shamon avers that on March 14, 1968, a summons in the action was served on Bernadine Bearsch, his secretary. Thereafter the summons was given by Miss Bearsch to the pastor, and he forwarded it to defendant’s insurance carrier. Miss Bearsch confirms these facts in her affidavit attached to the moving papers. It appears that the summons was served on her by a deputy sheriff of Cayuga County. Miss Bearsch was at no time a person authorized to receive service of process for the defendant church.
Plaintiff cites Green v. Morningside Hgts. Corp. (7 A D 2d 708), a 1958 First Department case as authority for the proposition, as Mr. Justice Steuee put it at Special Term (Green v. Morningside Hgts. Corp., 13 Misc 2d 124, 125), that “Where the delivery is so close both in time and space that it can be classified as a part of the same act service is effected ’ ’. It is asserted here that, as a practical matter, Miss Bearsch served the summons on Father Shamon shortly after it had been served on her by the deputy sheriff.
Defendant, on the other hand, cites two Fourth Department cases (Baker v. New York Cent. R. R. Co., 258 App. Div. 854; Hotel Glenmore v. American Eagle Fire Ins. Co., 280 App. Div. 445) as contrary authority.
The practicalities of permitting redelivery of a summons served upon an unauthorized person by such person to a proper officer or agent of a defendant is, in the words of Mr. Justice McNally in his dissent in Green v. Morningside Hgts. Corp., (7 A D 2d 708, 709, supra), “ fraught with danger ”. He goes on to say, “ Once it is held that there can be an equivalent for procedure mandated by the Legislature or that there can be degrees of compliance with the legislative mandate, abuses too numerous to mention will creep in.”
In 1968 the Court of Appeals unanimously held ‘ ‘ that redelivery of a summons by the person to whom delivery was wrongly made does not constitute personal ‘ delivery ’ to the ultimate *1021 proper recipient ” (McDonald v. Ames Supply Co., 22 N Y 2d 111, 115).
Service of a summons to the wrong person cannot ripen into valid personal service even when the summons is promptly delivered into the hands of the person upon whom it should have been served in the first place.
The motion to dismiss the action is granted.