Arthur E. Blyn, J.
Defendant corporation moves for leave to reargue its motion to vacate the default judgment previously entered herein. The motion to reargue is granted.
Defendant alleges that the court lacked jurisdiction since subdivision 1 of CPLR 311 was not complied with. Subdivision 1 of CPLR 311 provides for service “ upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service ”.
The summons and complaint in this action was, according to an affidavit by Van Woods, executive director of defendant corporation, “ served upon a Betty Fields, a receptionist for the defendant who is no longer in the employ ”. Mr. Woods further states that “ said Betty Fields is neither an officer or director of the defendant Corporation, nor a person authorized to accept service for it ”. Finally, Mr. Woods states that “ when said summons was received no attempt was made to file a formal answer because after discussions with the attorney for the plaintiff, I thought the matter had been settled ”. (Emphasis supplied.)
*276 It is clear from the foregoing that even though Betty Fields may not have been a person within one of the designated statutory descriptions of subdivision 1 of CPLB 311, the defendant did in fact “ receive the summons ” and did in fact receive notice of the pendency of the action. Indeed, Mr. Woods points out that not only was the summons received but that the only reason no formal answer was filed was that he thought the matter had been settled after discussions had with the attorney for the plaintiff. Under these circumstances, the court holds that valid personal service was effected upon the defendant corporation and the court had jurisdiction herein.
The Court of Appeals has established as the controlling test whether the process server “ has acted reasonably in placing the summons within reach of the defendant, and, therefore, with ‘ due diligence ’ in fulfilling the statutory requirement of personal delivery * * * In such cases, service is sustained even though the process server did not in fact hand the summons to the proper party.” (McDonald v. Ames Supply Co., 22 N Y 2d 111, 115.) A similar liberal interpretation emphasizing that service will be valid where there has been effective and fair notice to the party served is found in Green v. Morningside Hgts. Housing Corp. (13 Misc 2d 124, affd. 7 A D 2d 708). In Green, plaintiff attempted to serve defendant, owner of a particular building, by serving the management corporation of that building. The process server delivered the summons to a receptionist, who in turn gave it to an employee of the management corporation within the meaning of the statute. The court upheld the method of service and, in discussing the actual physical service of the summons, the court stated: “ While this is not the same thing as manual delivery, in this instance it is the equivalent. Like many other propositions it is a matter of degree. Where the delivery is so close both in time and space that it can be classified as part of the same act service is effected.” (13 Misc 2d 124, 125.)
Under the facts in the instant action and under the cited authorities, it would be 1 ‘ medieval formalism ’ ’ to deny validity to the service of the summons and complaint herein. Just as the Federal courts have rejected such formalism in favor of a liberal interpretation (Koninklijke Luchtvaart Maat. v. Curtiss-Wright Corp., 17 F. R. D. 49 [S.D.N.Y., 1955]), New York courts have accorded a similar liberal interpretation based on the test set forth in McDonald (supra). This court holds that service was valid and that it had jurisdiction in this action.
*277 In any event, the fact that the judgment has already been executed and satisfied and a satisfaction of judgment filed on February 7,1974 would have left this court no alternative inasmuch as there would be nothing before the court to act upon.
Upon reargument motion is denied.