**KNITS 'N' TWEEDS, INC., Plaintiff,**

v.

**JONES NEW YORK and Jones Apparel Group, Inc., Defendants.***

No. 77 C 2428.

United States District Court, E. D. New York.

Jan. 5, 1978.

Sol Horenstein, Babylon, N. Y., for plaintiff.

Becker, Ross & Stone, New York City (Howard Justvig, New York City, of counsel) for defendants.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

The question before me is whether plaintiff's service of a summons and complaint upon defendant's receptionist on November 22, 1977, was adequate under N.Y.C.P.L.R. § 311(1) to commence an action in New York State Supreme Court. Defendants, who removed the action to this court from the state court, have now moved for an order dismissing the action under Fed. Rule 12(b)(5).

Affidavits submitted by defendant indicate that the summons and complaint was left with Deborah Burnaford, a receptionist

---

* *Editor's Note:* The decision of the United States District Court, S.D. New York, in *Martin v. Air Jamaica*, published in the advance sheets at this citation (442 F.Supp. 1129) was withdrawn from the bound volume at the request of the court.

in the New York sales office of defendant Jones Apparel Group, Inc. The affidavits state that Ms. Burnaford's duties are "ministerial" and conclude that she is not "An agent authorized by appointment or by law to receive service on behalf of defendant." This, of course, assumes the question in issue.

New York CPLR § 311(1) states:

"Personal service upon a corporation or governmental subdivision shall be made by delivering the summons as follows: 1. upon any domestic or foreign corporation, to an officer, director, managing or general agent, cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."

 Many of the New York courts which have considered the matter have upheld the validity of service upon a defendant corporation's receptionist. In *Green v. Morningside Heights Housing Corp.*, 13 Misc.2d 124, 177 N.Y.S.2d 760 (Sup.Ct., N.Y.Cty.), *aff'd* 7 A.D.2d 708, 180 N.Y.S.2d 104 (1958), the court denied the defendant's motion to quash the service made upon its receptionist:

"Lastly the method of service is in question. The process server did not hand the summons to Mr. Frank. He gave it to a receptionist who in turn gave it to him. While this is not the same thing as manual delivery, in this instance it is equivalent. Like many other propositions it is a matter of degree. Where the delivery is so close both in time and space that it can be classified as a part of the same act service is effected." 13 Misc.2d 125, 177 N.Y.S.2d 761.[1]

While I recognize that not all of the state courts follow the teaching of *Green*,[2] I do so here, for I see no reason for a federal court to resolve a disputed question of state law in a way that would result in a dismissal of a case such as this, where there is no doubt

that the defendant received actual notice promptly.

 As an independent ground for denying defendant's motion to dismiss, I note that plaintiff served a copy of the summons and complaint on the Secretary of State of the State of New York on December 6, 1977, pursuant to N.Y.B.C.L. § 306.

The motion is denied. So ordered.

---

1. See also *Willo-Peer Corp. v. Bronx River Soundview Community Corp.*, 77 Misc.2d 275, 353 N.Y.S.2d 671 (Civ.Ct., N.Y.Cty., 1974) where the same result was reached on similar facts. The *Green* case was cited with approval in *McDonald v. Ames Supply Co.*, 22 N.Y.2d 111 at 115, 291 N.Y.S.2d 328, 238 N.E.2d 726

(1968) though in *McDonald* the Court held that service upon a building receptionist not employed by the defendant was invalid.

2. See, e. g., *Guidone v. Saint Aloysius Church*, 65 Misc.2d 1019, 319 N.Y.S.2d 572 (Sup.Ct., Cayuga Cty., 1971).