**Lloyd BUSH d/b/a Lloyd Bush & Associates, a sole proprietorship of the State of New York, Plaintiff,**

v.

**STERN BROTHERS & CO., Defendant.**

**No. 80 Civ. 2305 (CBM).**

United States District Court,
S. D. New York.

Jan. 22, 1981.

Liddle McMillin & Henze by Jeffrey L. Liddle, New York City, for plaintiff.

Jacobs, Persinger & Parker by William Lasher, New York City, for defendant.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Defendant Stern Brothers & Co. (Stern Bros.) moves for an order, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, dismissing the complaint for lack of personal jurisdiction. Plaintiff, Lloyd Bush, alleges that Stern Bros. breached a contract in which Stern Bros. agreed to pay Lloyd Bush for financial consulting services concerning municipal housing finance. Stern Bros. originally filed a motion to dismiss the complaint in June, 1980, claiming that this court lacked jurisdiction over its person under both §§ 301 and 302(a)(1) of the New York Civil Practice Law and Rules (CPLR). On July 24, 1980, this court granted Stern Bros.'s motion in part, holding that

Stern Bros. had not *transacted* business in New York pursuant to CPLR 302(a)(1), with leave to Lloyd Bush to conduct discovery to determine whether Stern Bros. was *doing* business in New York under CPLR § 301. For the reasons discussed below, the court now holds that it lacks personal jurisdiction over Stern Bros. since Stern Bros. is not doing business in New York.

Stern Bros. is a Delaware investment banking company with its principal place of business in Kansas City, Missouri, and with other offices in Albuquerque, New Mexico, Chicago, Illinois, Denver, Colorado, Fort Worth, Texas, and Omaha, Nebraska. It performs the services of underwriter of municipal and corporate bonds and stocks, dealer in over-the-counter securities, broker in securities and placements and seller of tax shelters. Stern Bros. has no office, employees, property or telephone listing in New York. However, its business in trading and dealing in securities involves many contacts with brokers, underwriters, rating services and attorneys located in this state. Plaintiff argues that the "cumulative significance" of these contacts is sufficient for them to constitute "doing business" in New York.

It is well settled that personal jurisdiction pursuant to CPLR § 301 requires that the defendant be doing business in New York not merely "occasionally or casually, but with a fair measure of permanence and continuity." *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267, 115 N.E. 915, 917 (1917). The foreign corporation is amenable to suit in New York only if it is "engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of its 'presence' in this jurisdiction." *Frummer v. Hilton Hotels International, Inc.*, 19 N.Y.2d 533, 536, 281 N.Y.S.2d 41, 43, 227 N.E.2d 851, 853 (1967), *cert. denied*, 389 U.S. 923, 88 S.Ct. 241, 19 L.Ed.2d 266 (1968).

The existence of numerous business contacts in New York is not necessarily sufficient business activity to satisfy these stan-

dards. The liberalization of the constitutional limits for the assertion of personal jurisdiction over nonresidents in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), in which the Supreme Court held that a state may exercise jurisdiction over a foreign corporation on the basis of minimum contacts with the state, has not stimulated change in New York's "doing business" test. *Potter's Photographic Applications Co. v. Ealing Corp.,* 292 F.Supp. 92, 99 (E.D.N.Y.1968). Rather, New York courts have stressed that "continuity of action from a permanent locale [within the state] is essential." *Meunier v. Stebo, Inc.,* 38 App.Div.2d 590, 591, 328 N.Y. S.2d 608, 611 (2nd Dept. 1971).

■ It is not necessary that the defendant maintain an office in New York from which it conducts these business activities. A foreign corporation may be "present" in New York by virtue of the activities of its New York based agent. For example, courts have recognized that

> "[w]here a foreign defendant has no office or employees in New York but is nonetheless selling products or services in New York the New York courts may exercise jurisdiction if the foreign corporation is . . . doing business in New York through an agent."

*Furman v. General Dynamics Corp.,* 377 F.Supp. 37, 41 (S.D.N.Y.1974).

■ The only activity conducted by Stern Bros. which might fall within this agency theory of doing business is Stern Bros.'s earning of commissions on stock exchange transactions completed by its broker on the floor of the New York and American Stock Exchanges. The court finds, however, that the relationship between Stern Bros. and its broker does not meet the criteria generally required for establishing personal jurisdiction under CPLR § 301.

■ In the leading case, *Frummer v. Hilton Hotels International, supra,* there were close ties between the corporate defendant and its agent whose New York office was run exclusively for the benefit of the defendant. The agent in *Frummer* was a non-profit service which accepted and confirmed reservations for the defendant and was owned by the same corporation as the defendant. While the fact that the local agent is an independent contractor who works for other principals is not necessarily determinative, the business done in New York must be a substantial part of defendant's main business. *Singer v. Walker,* 32 Misc.2d 782, 223 N.Y.S.2d 935 (Sup.Ct., Spec.Term 1962); *Ackert v. Ausman,* 29 Misc.2d 962, 218 N.Y.S.2d 822 (Sup.Ct.1961), aff'd, 20 App.Div.2d 850, 247 N.Y.S.2d 999 (1st Dept. 1964).

Stern Bros.'s broker is entirely independent of Stern Bros. and does not exist for the benefit of Stern Bros. Rather, the broker provides a service for Stern Bros., as it does for many other corporations and individuals, which constitutes only a small part of Stern Bros.'s business. During the four and one-half year period from January 1, 1976 through June 30, 1980, the commissions earned by Stern Bros. for New York stock exchange transactions constituted less than 2% of its overall income.

■ Finding that Stern Bros. conducts no continuous business activity in New York from a permanent locale, the court is not persuaded that the aggregation of Stern Bros.'s contacts with New York is sufficient to warrant a finding that it is "present" in New York. The location in New York of firms, such as law firms and investment services, which perform services for Stern Bros. for a fee does not represent activity by Stern Bros. in New York for jurisdictional purposes. *See Stark Carpet v. M– Geough Robinson, Inc.,* 481 F.Supp. 499, 506 (S.D.N.Y.1980). Stern Bros.'s occasional retention of these firms for legal and financial advice and opinions is distinguishable from Richard Starkey's retention of accountants and attorneys in New York on a continuous basis through whom he exploited his American composing activities, held to constitute "doing business" in *ABKCO Industries, Inc. v. Lennon,* 85 Misc.2d 465, 377 N.Y.S.2d 362 (Sup.Ct.1975), aff'd in part, 52 App.Div.2d 435, 384 N.Y.S.2d 781 (1st Dept. 1976).

Stern Bros.'s sale of securities to customers in New York, amounting to less than 1% of its total business over the last five years, is also inadequate to confer personal jurisdiction in this state. *Stark Carpet Corp. v. M–Geough Robinson, Inc., supra*, 481 F.Supp. at 505; *Chunky Corp. v. Blumenthal Bros. Chocolate Co.*, 299 F.Supp. 110, 113 (S.D.N.Y.1969).

Accordingly, defendant's motion to dismiss the complaint for lack of personal jurisdiction is granted and this action is discontinued.

SO ORDERED.