■ CENTRAL SAVANNAH RIVER AREA RESOURCE DEVELOPMENT AGENCY, INC., Respondent, v WHITE EAGLE INTERNATIONAL, INC., Appellant, et al., Defendant.

Despite the provisions of CPLR 5511, an appeal lies from the default judgment dated December 13, 1983, but review is limited to matters which were the subject of contest before Special Term (*Katz v Katz*, 68 AD2d 536; *James v Powell*, 19 NY2d 249).

We find that plaintiff's process server acted reasonably, and with due diligence, under all the circumstances present here, and that the manner of service, objectively viewed, was calculated to, and did, give the corporate defendant fair notice of the commencement of this action (*Fashion Page v Zurich Ins. Co.*, 50 NY2d 265; CPLR 311 [1]; *see also, Belofatto v Marsen Realty Corp.*, 62 Misc 2d 922). If the summons was served on the wrong person, the fault lies with the corporation and not with the process server, who made the appropriate inquiries and did all that he should be expected to do to see that the corporation was properly served (*Fashion Page v Zurich Ins. Co., supra*, at p 274). Moreover, assuming, arguendo, that the corporate defendant's default was excusable because it was based on a good-faith belief that it had not been properly served, said defendant failed to make a prima facie showing of a meritorious defense to this action. Accordingly, Special Term properly determined that the

corporate defendant was not entitled to vacatur of the default pursuant to CPLR 5015 (*see, e.g., Weber v Victory Mem. Hosp.,* 98 AD2d 719). Titone, J. P., Thompson, Bracken and Rubin, JJ., concur.