■ KARL EHMER et al., Respondents, v MODERNISMO PUBLICA-
TIONS, LTD., et al., Appellants, et al., Defendants.—In an
action, *inter alia,* to recover damages for libel, the defendants
Modernismo Publications, Ltd. and Flynt Distributing Com-
pany appeal from an order of the Supreme Court, Queens
County (LeVine, J.), dated September 4, 1986, which, after a
hearing, denied their motion for summary judgment dismiss-
ing the action as against them on the ground of lack of
personal jurisdiction (CPLR 3212, 3211 [a] [8]), and struck so
much of their answer as asserted that affirmative defense.

Ordered that the order is affirmed, with costs.

The evidence adduced at the hearing was sufficient to meet
the plaintiffs' burden of showing that in each instance the
plaintiffs' process servers acted reasonably and with due dili-
gence under the circumstances and that the manner of service
objectively viewed was calculated to and did give the corporate
defendants fair notice of the commencement of the action *(see,*
CPLR 311 [1]; *Fashion Page v Zurich Ins. Co.,* 50 NY2d 265;
*Central Savannah Riv. Area Resource Dev. Agency v White
Eagle Intl.,* 110 AD2d 742). The process servers made appro-
priate inquiries and did all that they should be expected to do
to see that the corporations were properly served *(see, Fashion
Page v Zurich Ins. Co., supra).*

We find no merit to the contention that the conduct of the
hearing court deprived the corporate defendants of a fair
hearing. Bracken, J. P., Brown, Weinstein and Spatt, JJ.,
concur.