BERNARDO DÍAZ y su esposa ALEJA COLÓN, demandantes y apelados, *v.* AUTORIDAD DE LAS FUENTES FLUVIALES DE PUERTO RICO, demandada y apelante.

Núm. 10010.—*Sometido:* Marzo 28, 1950. *Resuelto:* Noviembre 30, 1950.

*Gabriel Guerra-Mondragón, José Vila Ruiz* y *Antonio M. Bird,* abogados de la apelante; *F. Hernández Vargas,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

Bernardo Díaz Colón, de 19 años de edad, estaba empleado con Ramón P. Díaz en el cultivo y riego de una finca de frutas citrosas en el Barrio Santana de Arecibo. En la mañana

del 7 de mayo de 1946, al iniciar sus labores del día, fué a abrir una caseta de zinc dentro de la cual funcionaba un motor que movía una bomba para la extracción de agua. Dentro de dicha caseta estaba situado también el contador de la energía eléctrica. Al venir en contacto con la caseta, recibió una descarga eléctrica que le produjo la muerte instantáneamente por electrocución. Los alambres que llevaban la energía eléctrica hasta el contador, entraban a la caseta por agujeros, estando en ese sitio protegidos por aisladores o "tubos chinos". La electrificación de la caseta de zinc ocurrió debido a haberse corrido, por la acción del viento, uno de los "tubos chinos" que protegía uno de los alambres que entraban a la caseta, habiéndose deteriorado la cubierta del alambre por el roce con la caseta, hasta que el mismo perdió su aislación.

En acción por daños y perjuicios, la corte inferior declaró con lugar la demanda concediendo a los demandantes una indemnización de $6,000, con costas y $500 para honorarios de abogado. En apelación la demandada sostiene que fué error (1) declarar a los demandantes—padres de Díaz Colón—únicos herederos de éste; (2) y (3) declarar que de acuerdo con el contrato sobre suministro de energía eléctrica a la finca de Ramón P. Díaz, la demandada era responsable de los defectos en la instalación, aun cuando la demandada no hubiese hecho la misma, y al concluir que si los alambres de dicha instalación hubieran estado más tensos hubiesen resistido mejor la acción del viento y tal vez no se hubiese producido el accidente.

El primer error señalado es frívolo. La causa de acción que aquí se ejercita nace del artículo 1802 del Código Civil, ed. 1930—*Méndez* v. *Serracante*, 53 D.P.R. 849, y casos allí citados—por virtud y como consecuencia de la omisión negligente de la demandada que ocasionó la muerte de un menor. Pertenece a, y puede ejercitarse originalmente por las personas que sufren el daño, entre las que están los padres naturales del menor, conforme a la Regla 17 (*j*) de las de Enjui-

ciamiento Civil. *Asencio* v. *Am. Railroad Co.*, 66 D.P.R. 227. No nace de un derecho hereditario, para lo cual se necesite una declaratoria de herederos.(¹) Siendo así, bastaba a ese respecto que se demostrara por los demandantes, a satisfacción del tribunal inferior, su condición de padres naturales del menor fallecido. Esto quedó plenamente establecido, además del hecho de que el menor nunca contrajo matrimonio ni dejó descendientes de clase alguna.

■ ■ El que Bernardo Díaz Colón tuviera dos hermanos menores que él, que residieran también con sus padres y que por tal circunstancia pudieran beneficiarse indirectamente de la ayuda que su hermano mayor diera a aquéllos, no es por sí solo suficiente para conferirles causa de acción por su muerte, ni para impedir la reclamación de los demandantes en el presente pleito, aparte de que bajo el artículo 143 del Código Civil, ed. 1930, la obligación recíproca de darse alimentos existe, bajo las condiciones allí apuntadas, solamente entre hermanos *legítimos*, siendo los que nos ocupan hermanos *naturales*, y no legítimos, de *Bernardo Díaz Colón*.

■ Los señalamientos de error segundo y tercero carecen de fundamento. La prueba en autos justifica la conclusión de la corte inferior en cuanto a la responsabilidad de la demandada por el accidente. De acuerdo con el contrato en vigor a la fecha en que éste ocurrió, entre la demandada y el dueño de la finca para quien trabajaba Díaz Colón, para el suministro de energía eléctrica, la demandada tenía el control exclusivo de las líneas hasta el contador situado dentro de la caseta de zinc ya mencionada.(²) No constituye de

(¹) No se trata tampoco de la acción que bajo el artículo 1802 pueden traer, de acuerdo con la Regla 17(k) de las de Enjuiciamiento Civil, los *herederos* o representantes personales de la persona fallecida.

(²) Las cláusulas 3, 4 y 5 del "Contrato para suministro de energía eléctrica" celebrado el 7 de agosto de 1941 entre Ramón P. Díaz y "Utilización de las Fuentes Fluviales"—de quien es sucesora la aquí demandada —disponen lo siguiente:

"3. La fuerza eléctrica será entregada en o cerca del recinto donde esté la instalación del consumidor y medida en ese punto por un contador propiedad y bajo el control de El Pueblo de Puerto Rico, después de ser transformada al voltaje adecuado para la instalación.

fensa para la demandada el que las líneas desde la toma de energía eléctrica hasta el contador no hubiesen sido originalmente instaladas por ella, pues al continuar el contrato que había celebrado su antecesora—Utilización de las Fuentes Fluviales—asumió plena responsabilidad en cuanto a dichas líneas, y era su deber mantenerlas dentro de aquellas normas de seguridad que evitaran accidentes como el ocurrido. El caso de negligencia establecido por la prueba de los demandantes no fué destruído en forma alguna por la de la demandada.

*La sentencia será confirmada.*

"4. El consumidor será responsable del cuidado y uso de la fuerza eléctrica después de haber pasado ésta por el contador del Gobierno, y no usará esta fuerza eléctrica para ningún otro fin ni en ningún otro sitio que no sea el estipulado en este contrato.

"5. Se le prohibe terminantemente al consumidor intervenir con los alambres, transformadores, contadores y otros aparatos que forman parte de la instalación del Gobierno, pero sí tomará las precauciones necesarias para evitar daño a la citada instalación y en caso de defectos del servicio, dará pronto aviso al empleado o agente autorizado encargado del distrito donde radique la instalación o a la Oficina de Utilización de las Fuentes Fluviales."