**FABIANO SHOE CO., INC., Plaintiff,**

v.

**ALITALIA AIRLINES, Defendant.**
Civ. A. No. 71-2914-J.

United States District Court,
D. Massachusetts.

Aug. 23, 1974.

David D. Dretler, Boston, Mass., for plaintiff.

Robert Fulton, Boston, Mass., for defendant.

## ORDER OF DISMISSAL

JULIAN, Senior District Judge.

The complaint alleges that 1137 pairs of boots in 43 cartons were entrusted to defendant to be shipped by air from Italy to Boston, Massachusetts.[1] The shipment arrived in Boston 17 days late. Plaintiff seeks $4,300 damages.

The complaint states it "arises under" 49 U.S.C. § 20(11) (1970); it also is argued[2] that the complaint states a claim under the Warsaw Convention, 49 Stat. 3000 et seq., 49 U.S.C.A. § 1502 (1974 supplement).

■ The first question is whether the complaint alleges a claim under 49 U.S.C. § 20(11). A twofold test is applied to determine whether 49 U.S.C. § 20(11) is applicable:

> " 'first, is the carrier's operation such as to bring the carrier within the general coverage of the Interstate Commerce Act; second, is the direction of the movement of the specific shipment in question from a point in the United States to a point either in the United States or in an adjacent country.' "

Strachman v. Palmer, 177 F.2d 427, 429 (1 Cir. 1949), quoting and approving the test applied by the district court in the same case, 82 F.Supp. 161, 165 (D. Mass.1949).

■ This case satisfies neither aspect of the test. First: 49 U.S.C. § 20(11) applies only to "common carriers," "railroads," and "transportation companies" subject to the provisions of 49 U.S.C. chapter 1; common carriers by air are not subject to the provisions of 49 U.S.C. chapter 1, see 49 U.S.C. § 1(1)–(3)(a) (1970); 49 U.S.C. chapter 20 (1970). Second: 49 U.S.C. § 20(11) applies only to certain shipments *which originate in the United States*, Strachman v. Palmer, *supra*; the complaint alleges the shipment originated in Italy. Insofar as the complaint relies on 49 U.S.C. § 20(11), it fails to state a claim upon which relief can be granted.

■ The parties agree the shipment in controversy was made subject to the provisions of the Warsaw Convention.[3] See Warsaw Convention, art. 1, 49 Stat. 3000 et seq., 49 U.S.C.A. § 1502 (1974 supplement). The second question, therefore, is whether this Court has jurisdiction under the Warsaw Convention. See F.R.Civ.P. 12 (h)(3). The Second Circuit has concisely formulated the inquiry which must be made:

> "[I]n a Warsaw Convention case there are two levels of judicial power that must be examined to determine whether suit may be maintained. The first level . . . is that of jurisdiction in the international or treaty sense under Article 28(1) (of the Warsaw Convention). The second level involves the power of a particular United States court, under the federal statutes and practice, to hear a Warsaw Convention case—jurisdiction in the domestic law sense."

Smith v. Canadian Pac. Airways, Ltd., 452 F.2d 798, 800 (2 Cir. 1971) (footnote omitted); see Mertens v. Flying Tiger Line, Inc., 341 F.2d 851, 855 (2

---

1. The defendant maintains it flew the cargo from Italy to New York and that another airline transported the cargo from New York to Boston. Assuming this to be true, it is of no import to this decision. Strachman v. Palmer, 177 F.2d 427 (1 Cir. 1949), vacating and remanding on other grounds, 82 F.Supp. 161 (D.Mass.1949); Warsaw Convention, art. 1, 49 Stat. 3000 et seq., 49 U. S.C.A. § 1502 (1974 supplement).

2. Plaintiff's Memorandum of Law on Jurisdiction.

3. Plaintiff's Memorandum of Law on Jurisdiction; Defendant's Answer to Complaint ¶ 1; Defendant's Motion to Dismiss for Lack of Jurisdiction ¶ 1; Memorandum of Law of Defendant Re Lack of Jurisdiction of the Court, at 4–5.

Cir. 1965); Spencer v. Northwest Orient Airlines, Inc., 201 F.Supp. 504 (S. D.N.Y.1962). A court has jurisdiction in the international treaty sense under Article 28(1) when an action for damages is brought under the Warsaw Convention

"in the territory of one of the High Contracting Parties, either before the court of the domicile of the carrier or of his principal place of business, or where he has a place of business through which the contract has been made, or before the court at the place of destination."

Warsaw Convention, art. 28(1), 49 Stat. 3000 et seq., 49 U.S.C.A. § 1502 (1974 supplement). Since Boston was "the place of destination" of this shipment, an appropriate court in the United States may exercise jurisdiction in the international or treaty sense. This Court, however, does not possess jurisdiction in the domestic law sense. Plaintiff in its memorandum relies solely upon the Warsaw Convention, art. 28, to establish jurisdiction. Article 28 does not confer jurisdiction upon any particular court in the United States. That is to say, the Convention does not confer jurisdiction in the domestic law sense but only in the international law sense. Smith v. Canadian Pac. Airways, Ltd., *supra*, 452 F.2d at 800–802, Mertens v. Flying Tiger Line, Inc., *supra*, 341 F.2d at 855.

The particular domestic forums which can decide this case are determinable by reference to domestic statutes, not to the Convention. No statutory basis exists for this Court to exercise jurisdiction in the domestic law sense. Diversity jurisdiction is lacking since the defendant is of unspecified citizenship and since the amount in controversy does not exceed $10,000. 28 U.S.C. § 1332 (1970). The prerequisites for jurisdiction under 28 U.S.C. § 1331(a) (1970) also are not present.

The defendant's motion to dismiss for lack of jurisdiction is granted and it is *ordered* that the complaint be, and hereby is, dismissed.