**Esther VINCENTY and her daughter Alma González, Plaintiffs,**

v.

**EASTERN AIR LINES, Defendants.**

**Civ. No. 79–2281.**

United States District Court, D. Puerto Rico.

Oct. 23, 1981.

---

4. *See* footnote 2, *supra.*

José V. Martínez Espada and Ismael Marrero, Hato Rey, P. R., for plaintiffs.

Francisco Ponsa Flores, San Juan, P. R., for defendants.

## OPINION AND ORDER

GILBERTO GIERBOLINI, District Judge.

This is an action in tort filed in this court under the diversity statute, 28 U.S.C. § 1332. The case is presently under our consideration on defendant's motion for summary judgment, which was referred to the magistrate for Report and Recommendation. After the proceedings before the magistrate, he filed his Report, recommending that summary judgment be entered dismissing the complaint. Plaintiffs have filed their opposition and we should now reach a *de novo* determination and decide whether or not to follow the magistrate's recommendation.

Succinctly stated, the facts are as follows: On December 3, 1978 plaintiff, Esther Vincenty, who was a 72-year-old woman, and had undergone a gall bladder operation sometime before, was a passenger aboard Eastern Airlines Flight 963 from Philadelphia to San Juan. Upon arrival at Isla Verde International Airport, plaintiff, together with other passengers, went to the baggage area to gather her baggage. She had two suitcases, a large one weighing around 40 pounds, and a smaller one weighing 25 pounds. After her abdominal surgery, and prior to this trip, plaintiff's physician had recommended her not to exert herself. When her small suitcase appeared on the conveyor belt, she requested a baggage handler to pick up the suitcase for her. He refused, stating that he was not authorized to pick suitcases from the conveyor belt. After that, plaintiff requested a fellow passenger (a lady) to pick up the suitcase for her, which she did. When the larger suitcase appeared on the conveyor belt, it "stuck" or stopped at a curve on the conveyor belt. The baggage handler again refused to lift the suitcase from the conveyor belt. This time plaintiff did not request help from the many other fellow passengers around and after some time lifted the suitcase herself.

While this was happening in the baggage area, Vincenty's relatives were at the baggage area entrance but were not permitted to enter as per regulations of the Ports Authority of Puerto Rico. (See Puerto Rico Ports Authority Resolution No. 1183, November 6, 1972, as amended.) One of Vincenty's daughters, plaintiff Alma González, argued with the person guarding the entrance, requesting to be let into the baggage area to help her mother. The guard refused to let her in but informed her that she could obtain a permit or pass issued by an office located in the same building in order to enter the baggage area. Mrs. González refused to obtain said pass, and continued arguing with the guard. The record shows that Vincenty herself never informed the guard at the entrance or any other Eastern employee of her plight.

After plaintiff removed the second suitcase from the conveyor belt, the baggage

handler placed both suitcases in a baggage cart and plaintiff left the baggage area and joined her relatives. Plaintiff claims that when she lifted the suitcase from the conveyor belt, she "felt something" in the abdominal region. That notwithstanding, she was taken to a daughter's home in San Juan and that same day to her home in Arecibo, Puerto Rico. At her home in Arecibo, plaintiff Alma González claims that she touched the right side of her mother's abdominal region and felt something like a protuberance. A few days later Vincenty was taken to her physician in San Juan, who diagnosed that a hernia was forming.[1] Plaintiff claims that the hernia was caused at the time she lifted the heavy suitcase from the conveyor belt at the International Airport baggage area. For the purpose of this motion only, we accept this contention as correct.

According to a sworn statement in the record by Mr. George Lyall, Vice President of Eastern Airlines, Inc., (Caribbean and South America), the baggage handler was a member of the Cooperativa de Servicios de Equipaje and the person guarding the entrance to the baggage area was a guard employed by Wackenhut Corporation. According to the affidavit, they were not Eastern's employees. Neither Wackenhut Corporation, Cooperativa de Servicios de Equipaje nor the employees mentioned above have been joined as defendants. The affidavit by Mr. Lyall is also to the effect that the conveyor belt located at the baggage area belongs to the Ports Authority of Puerto Rico, which is also responsible for its operation and repairs.

Plaintiff Alma González in her deposition insists that the man guarding the entrance at the baggage area was an employee of Eastern but the only basis she offers for that assertion is that the man was wearing a blue uniform like those used by Eastern employees. In her affidavit Mrs. González again states that the man guarding the entrance to the baggage area was an employee of Eastern but offers no further support for her assertion. Without more, we have to assume that her basis for so stating is the same as stated in her deposition, that is, that the man was wearing a blue uniform like those worn by Eastern employees. In our opinion that is not enough to create a genuine and material issue of fact and defeat a properly supported motion for summary judgment.[2] Specific facts showing that there is a genuine issue for trial must be set forth. *U. S. v. Kenealy*, 646 F.2d 699 (1st Cir. 1981).

The legal theory of plaintiffs, predicated on Eastern's responsibility for the injuries suffered by Vincenty due to the refusal of the guard to let her relative enter to help her with her baggage is fraught with deficiencies and the complaint is thus rendered vulnerable and subject to dismissal by way of summary judgment. Foreseeing that possibility, plaintiffs assert that such an issue is not for the court to decide but should go to the jury after full trial in the merits. Under the circumstances of this case we must disagree.

The jury, of course, can draw logical inferences from the facts as developed in the case but it is not entitled to engage in pure speculation and conjecture. Such speculation and conjecture is clearly not permitted. That is precisely the conclusion reached by the United States Court of Appeals for the First Circuit affirming the District Court that granted a directed verdict for defendant which prevented a similar issue to go to the jury. *Room v. Caribe Hilton*, 1st Cir., 659 F.2d 5 (1981).

1. According to paragraph 10 of the complaint, plaintiff Vincenty "suffered a rupture of the area of her abdominal region where she had undergone surgery earlier in the year..."

2. "The non-movant has affirmative duty to come forward to meet the properly supported motion for summary judgment: 'A party opposing a motion for summary judgment cannot make a secret of its evidence until trial for in so doing he risks the possibility that there will be no trial. A summary motion is intended to "smoke out" the facts so that the judge can decide if anything remains to be tried.' " *Walker v. Hoffman*, 583 F.2d 1073, 1075 (9th Cir. 1978) (*per curiam*) cert. denied 439 U.S. 1127, 99 S.Ct. 1044, 59 L.Ed.2d 88, cited with approval in *U. S. v. Kenealy, supra.*

■ But even if we assume, *arguendo*, that the guard at the entrance to the baggage area was an employee of Eastern, the case for plaintiff looks no brighter. In diversity actions the laws of the forum apply. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Federal Insurance Co. v. First National Bank*, 633 F.2d 978 (1st Cir. 1980). Therefore, Article 1802 of the Civil Code of Puerto Rico (31 LPRA 5141) controls. In accordance with Article 1802 plaintiff must establish the following in order to prevail. First, that Eastern owed her a duty; second, that Eastern was negligent; third, that she suffered an injury; and fourth, that there is a causal relationship between Eastern's negligence and the injury suffered by her. *Fournier v. Fournier*, 78 DPR 430 (1955); *Díaz v. Autoridad de Fuentes Fluviales*, 71 DPR 931 (1950); *Hernández v. Fournier*, 80 DPR 93 (1957); 4 Castan, Derecho Civil Español, 8A Ed. 1956, 814 *et seq.* Plaintiffs' evidence fails to show that they could ever satisfy requisites first, second and fourth.

Of course, here we are not dealing with a trial in the merits but with a motion for summary judgment under Rule 56 of the Rules of Civil Procedure. Opportunity had been granted to both parties to present all pertinent material and memoranda of law. Rule 56(c) provides that: " . . . The judgment sought shall be rendered forthwith in the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, showing that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . . "

Under this Rule, once a motion for summary judgment is properly presented, the opposing party must show that there is an issue of fact which is both genuine and material. *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir. 1975). What is a genuine and material issue of fact is explained in *Hahn v. Sargent, supra* which also establishes that the dispute must be substantial.

If there is no genuine and material issue of fact to be decided by the court or if the same is insubstantial, summary judgment can be issued according to law.

Let us now return to the very important point as to whether or not under the uncontroverted facts in the record there is a causal relationship between the injury claimed by plaintiff and the actions of defendant. *Portilla v. Carreras Schira*, 95 P.R.R. 785, 793 (1968) cited with approval in *Room v. Caribe Hilton Hotel, supra; Rodríguez v. Colón Colón*, 103 D.P.R. 493 (1975); *López v. Hospital Presbiteriano, Inc.*, 107 D.P.R. 197 (1978).

■ What caused plaintiff's hernia? Clearly it was not the guard's refusal to permit Mrs. González to enter the baggage area. It was not the guard's duty to let her enter. Aside from the fact that plaintiff González, upon advice, could have obtained a pass to enter, and she refused to do so, we cannot overlook the stark fact that it was plaintiff Vincenty who with complete knowledge of her medical condition and without asking for help from other fellow passengers, as she did with the small suitcase, lifted the heavy suitcase and inflicted upon herself the injuries now claimed. Failure to perform an act cannot give rise to a cause of action unless there was a legal duty to do the act, *Zabala Clemente v. U. S.*, 567 F.2d 1140 (1st Cir. 1977) *cert. denied*, 435 U.S. 1006, 98 S.Ct. 1876, 56 L.Ed.2d 388 (1978), and as we have seen, there was no such legal duty on the part of defendant in this case.

With the above in mind, we must conclude that there is a total lack of causal relation between the injury suffered by plaintiff and the actions of defendant. *Room v. Caribe Hilton Hotel, supra.*

■ Plaintiffs bring one more point that merits no extended discussion. They invoke the doctrine of "highest degree of care" owed by a common carrier to its passengers. This doctrine is not applicable to the facts of this case. At the time of the alleged accident, Vincenty was no longer defendant's passenger. She was in an area that undisputedly did not belong to Eastern. The doctrine of highest duty of care

applies only to passengers who are in the actual course of travel or who are boarding or alighting. As established in *Federal Insurance Co. v. Bonilla Colón*, 392 F.2d 662 (1st Cir. 1968), the overwhelming majority rule is that it does not apply to carrier's premises generally.

Considering all of the above, we conclude that defendant has satisfied its burden of demonstrating that there is no genuine issue of fact as to any material fact in accordance with Rule 56(c) of the Federal Rules of Civil Procedure and, therefore, it is entitled to judgment as a matter of law. See 10 Wright and Miller, § 2727, p. 524; *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Mack v. Cape Elizabeth School Board*, 553 F.2d 720 (1st Cir. 1977); *Kellerman v. Askew*, 541 F.2d 1089 (5th Cir. 1976); *Charpentier v. Fluor Ocean Servs. Inc.*, 534 F.2d 71 (5th Cir. 1976), later app. 613 F.2d 81 (1980), reh. den. 615 F.2d 919 (1980).

WHEREFORE, in view of the above, it is ordered that the Motion for Summary Judgment filed by defendant be and is hereby GRANTED. Consequently, the complaint is hereby DISMISSED.

IT IS SO ORDERED.