**Milagros RODRIGUEZ PARDO, et al., Plaintiffs,**

v.

**DELTA AIRLINES, INC., et al., Defendants.**

**Civ. No. 89–0733(PG).**

United States District Court, D. Puerto Rico.

June 20, 1991.

Sigrid López González, Hato Rey, Puerto Rico, for plaintiffs.

Francisco Ponsa Flores, San Juan, Puerto Rico, for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

This is an action claiming compensation for damages allegedly suffered by plaintiffs as a result of an accident which occurred in defendant Delta Airlines, Inc.'s aircraft. On August 4, 1988, plaintiffs, Milagros Rodríguez Pardo and her son, Vladimir Beauchamp Rodríguez, were paying passengers on Delta flight 179 from San Juan to Miami. After landing in Miami, as the aircraft was taxiing towards the gate at the terminal building, a camera case which had been stored by an unidentified passenger in an overhead compartment fell out from said compartment and hit plaintiff Rodríguez Pardo, when the unidentified passenger opened the compartment's door in order to retrieve his belongings. These facts are uncontroverted.

Defendant took the depositions of both plaintiffs and of a non-party witness to the occurrence. Based upon their testimony defendant then filed a motion requesting summary judgment dismissing the complaint on the grounds that there is no genuine issue as to any negligent act or omission of Delta which could serve as basis for a finding of liability against defendant.

"Summary judgment must be rendered 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Fed.R.Civ.P. 56(c)...." (*Diaz Lugo v. American–Airlines, Inc.*, 686 F.Supp. 373, 374 (D.P.R.1988)).

That is precisely the situation in the present case.

The plaintiffs do not know how or why the camera case fell. When the accident happened Mrs. Rodríguez Pardo was bending forward, trying to retrieve an item which she had stored under her seat. She never saw the object that hit her, neither before nor after it fell. Most important, in her deposition, Mrs. Rodríguez Pardo unequivocally testified that she does not

know why the camera case fell. Her son, child Beauchamp Rodríguez, also does not know what happened. He first saw the camera case after it had already fallen out of the overhead bin, just before it hit Mrs. Rodríguez Pardo on the back of her neck. He specifically testified that he did not see where said item came from nor why or how it fell.

Only a non-party witness has shed some light upon how the accident occurred, but her testimony also fails to establish any involvement of defendant or its employees to otherwise provide any grounds upon which defendant may be held liable. Ms. Laura Rodríguez also was a passenger in the same flight. She testified that the camera case fell when another unidentified passenger (not an employee of defendant) stood up, unlatched and opened the overhead bin door as he tried to get his things from the overhead bin. Rather than constitute grounds for the imposition of liability upon defendant, this testimony tends to affirmatively exonerate Delta because it establishes that the camera case fell after another unidentified passenger opened the door of the overhead storage compartment.

Defendant thus discharged its initial burden of demonstrating that there is no genuine issue as to any material fact upon which a finding of liability against defendant may rest. It then became plaintiffs' burden to put forth specific facts that might serve at trial to support a finding of liability against the defendant. *Cartagena v. Secretary of the Navy,* 618 F.2d 130, 137 (1st Cir.1980); *Beal v. Lindsay,* 468 F.2d 287 (2nd Cir.1972); *Over The Road Drivers, Inc. v. Transport Ins. Co.,* 637 F.2d 816, 819–820 (1st Cir.1980).

The plaintiffs have not been able to meet this burden. In an effort to defeat defendant's motion, plaintiffs contend that Delta had the obligation to check that the overhead compartments were not overloaded and that articles therein be placed in such a manner that when the compartment was opened the articles would not fall out. Plaintiffs, however, have failed to come forward with any evidence upon which a finding of overloading or improper loading

of the overhead compartments could be based. Plaintiffs may not defeat defendant's motion by merely suggesting unsubstantiated possibilities without bringing forth any evidence to establish such suggested facts. Mere speculations and conjectures are clearly not permitted and may not defeat a properly supported motion for summary judgment. Rule 56(e) requires that parties opposing motions for summary judgment "must set forth specific facts showing that there is a genuine issue for trial." Conclusory allegations, if not supported by facts, do not create an issue which should be reserved for trial. Specific facts showing that there is a genuine issue for trial must be set forth. *Vincenty v. Eastern Air Lines,* 528 F.Supp. 171, 173 (D.P.R.1981); *cf. Room v. Caribe Hilton,* 659 F.2d 5 (1st Cir.1981).

The plaintiffs further argue that Delta was negligent because its employees in the aircraft did not order the passenger who opened the overhead bin to sit down. But it is uncontroverted that the "fasten seat belts" sign was illuminated when the unidentified passenger stood up and opened the overhead bin. Through said illuminated sign the unidentified passenger, as all others in the aircraft, was indeed instructed to remain seated. Furthermore, again, the plaintiffs failed to come forward with any evidence to show that the passenger who opened the overhead bin was not ordered to sit down or that there was sufficient time after the passenger got up from his seat and until he opened the overhead bin for it to have been reasonably possible for a flight attendant to instruct this particular passenger to remain seated. Absent such evidence, plaintiffs' opposition cannot defeat defendant's motion for summary judgment:

"The language of Rule 56(c) sets forth a bifurcated standard which the party opposing summary judgment must meet to defeat the motion. He must establish the existence of an issue of fact which is both 'genuine' and 'material.' A material issue is one which affects the outcome of the litigation. To be considered 'genuine' for Rule 56 purposes *a material issue must be established by 'sufficient*

*evidence supporting the claimed factual dispute ... to require a jury or judge to resolve the parties' differing versions of the truth at trial.' The evidence manifesting the dispute must be 'substantial'* going beyond the allegations of the complaint ..." (citations omitted) (*Hahn v. Sargent,* 523 F.2d 461 (1st Cir.1975); emphasis added).

In summary, defendant brought before this Court the detailed deposition testimony of both plaintiffs and of a non-party witness who saw the accident, and said testimony completely fails to establish any negligence of the defendant. Plaintiffs have not been able to come forward with any specific facts upon which a finding of liability against defendant might be sustained. This Court finds that there is no genuine issue as to any material fact and that as a matter of law defendant is entitled to a judgment dismissing the complaint.

Accordingly, this Court ORDERS that defendant's "Motion for Summary Judgment" shall be and is hereby GRANTED, and FURTHER ORDERS that the complaint be and is hereby DISMISSED.

Judgment shall be entered accordingly. IT IS SO ORDERED.