**Cheryl WELCH, et al., Plaintiffs,**

v.

**AMERICAN AIRLINES, INC., et al., Defendants.**

**Civil Nos. 95–2001 (DRD), 96–1270 (DRD).**

United States District Court, D. Puerto Rico.

June 30, 1997.

Francisco M. Troncoso–Cortes, Troncoso & Becker, San Juan, PR, Jose L. Ubarri-Garcia, Brown & Ubarri, San Juan, PR, for plaintiffs.

Diego A. Ramos–Cayon, Fiddler, Gonzales & Rodriguez, San Juan, PR, for American Airlines, Inc.

### OPINION AND ORDER

DOMINGUEZ, District Judge.

Before the Court is defendant's Motion to Dismiss. (Docket No. 31). Plaintiffs opposed said motion. (Docket No. 40, 43).

Both parties complied with this Court's order to supply briefs on the motion. (Docket No. 45, 47) For the reasons provided below this Court hereby DENIES defendant's motion to dismiss.

## I. Facts

The master complaint (Docket No. 36) provides that on November 28, 1994, American Airlines, Inc. (American), operated an A–300 aircraft, which flew from Barbados, West Indies, to San Juan, Puerto Rico. Plaintiffs allege that they were paying passengers on said flight. Further, they allege that due to American's negligence for flying into a thunderstorm cell, plaintiffs sustained injuries when the plane experienced turbulence. Plaintiffs contend their injuries are recoverable under Article 17 [1] of the Warsaw Convention.[2] Plaintiffs filed suit alleging jurisdiction under 28 U.S.C. § 1331 and Article 28(1) of the Warsaw Convention.

Defendant American argues in the motion to dismiss (Docket No. 47), that the United States District Court for the District of Puerto Rico lacks subject matter jurisdiction, and further is not the proper venue to entertain this action. Fed.R.Civ.P. 12(b)(1), (3). Specifically, American argues that plaintiffs' action, brought under the Warsaw Convention, must satisfy the federal subject matter requirement independently of the treaty because jurisdiction is not conferred by the treaty through section 1331.

## II. Analysis

"In reviewing the dismissal, we construe the Complaint liberally and treat all well-pleaded facts as true, according the plaintiff the benefit of all reasonable inferences." *Murphy v. United States,* 45 F.3d 520, 522 (1st Cir.1995). However, the party invoking federal jurisdiction has the burden of proving its existence. *Id.*

The Warsaw Convention provides in pertinent part:

> An action for damages must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties, either before the court of the domicile of the carrier or of his principal place of business, or where he has a place of business through which the contract has been made, or before the court at the place of destination.

Warsaw Convention, Art. 28(1), 49 U.S.C.A. § 40105 note. The courts agree that Article 28(1) of the Warsaw Convention confers jurisdiction at the national level. *See Seth v. British Overseas Airways Corp.,* 329 F.2d 302 (1st Cir.1964); *Benjamins v. British European Airways,* 572 F.2d 913 (2d Cir.1978); *Boehringer–Mannheim Diagnostics v. Pan Am. World,* 737 F.2d 456 (5th Cir.1984); *In re Mexico City Aircrash of October 31, 1979,* 708 F.2d 400 (9th Cir.1983); *Diaz Lugo v. American Airlines, Inc.,* 686 F.Supp. 373 (D.P.R.1988); *see generally* Andreas F. Lowenfeld & Allan I. Mendelsohn, *The United States and the Warsaw Convention,* 80 Harv. L.Rev. 497, 522–526 (1967). The parties agree that this case falls under the umbrella of the Warsaw Convention. Furthermore, American concedes its domicile and principle place of business are in the United States, i.e., Delaware and Texas respectively. The foregone conclusion is that the United States is a proper national forum under the first and second alternatives of Article 28(1).

The issue before the Court is whether the Warsaw Convention confers federal question jurisdiction on the district court, pursuant to 28 U.S.C.A. § 1331.

The view that initially predominated among the courts was that the treaty did not

---

1. The carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

Warsaw Convention, Art. 17, 49 U.S.C.A. § 40105 (West 1997) (Text including translation of the Warsaw Convention in notes of section).

2. The United States is a party to the Multilateral Convention for the Unification of certain rules relating to international transportation by air concluded at Warsaw on October 12, 1929, entered into force for the United States on October 29, 1934, subject to a reservation. 49 Stat. 3000; TS 876. The text of the Warsaw Convention is set out under this section.

49 U.S.C.A. § 40105, Historical and Statutory Notes.

create a cause of action and therefore, jurisdiction of the federal courts must be independently established. *See, e.g., Smith v. Canadian Pac. Airways, Ltd.,* 452 F.2d 798, 800 (2d Cir.1971); *Mertens v. Flying Tiger Line, Inc.,* 341 F.2d 851, 855 (2d Cir.1965); *Fabiano Shoe Co., Inc. v. Alitalia Airlines,* 380 F.Supp. 1400 (D.Mass.1974); *In re Air Disaster Near Cove Neck, N.Y.,* 774 F.Supp. 725, 726 (E.D.N.Y.1991) ("This Article is jurisdictional in nature and the points of jurisdiction it specifies are national in scope.") (citing *Smith,* 452 F.2d at 801). "Article 28 does not confer jurisdiction upon any court in the United States. That is to say, the Convention does not confer jurisdiction in the domestic law sense but only in the international law sense." *Fabiano Shoe,* 380 F.Supp. at 1403. Therefore, "[t]he particular domestic forums which can decide this case are determinable by reference to domestic statutes, not to the Convention." *Id.* An Article 17 cause of action for wrongful death arose under state statutes and laws. Therefore, jurisdiction under section 1331 was not available for Article 17 causes of action. *See Maugnie v. Compagnie Nationale Air France,* 549 F.2d 1256 (9th Cir.1977); *Noel v. Linea Aeropostal Venezolana,* 247 F.2d 677 (2d Cir.1957); *Knits 'N' Tweeds, Inc. v. Jones New York,* 442 F.Supp. 1129 (E.D.N.Y. 1978); *Husserl v. Swiss Air Transport Co.,* 388 F.Supp. 1238 (S.D.N.Y.1975); *Zousmer v. Canadian Pac. Air Lines, Ltd.,* 307 F.Supp. 892 (S.D.N.Y.1969); *Winsor v. United Air Lines, Inc.,* 159 F.Supp. 856 (D.Del. 1958). *See generally* 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3563 (2d ed. 1984). The Second Circuit's opinion in *Smith,* concisely explains the method to determine subject matter jurisdiction:

[I]n a Warsaw Convention case there are two levels of judicial power that must be examined to determine whether suit may be maintained. The first level ... is that of jurisdiction in international or treaty sense under Article 28(1). The second level involves the power of a particular United States court, under the federal statutes and practice, to hear a Warsaw Convention case-jurisdiction [ ] in the domestic law sense. It is only after jurisdiction in both

senses is had that the question of venue is reached and a determination made regarding appropriateness and convenience for parties of a particular domestic court.

*Smith,* 452 F.2d at 800 (2d Cir.1971). *See Mertens,* 341 F.2d at 855; *Fabiano Shoe,* 380 F.Supp. at 1402–3.

The First Circuit, as a forerunner, went against this tide, and in a case brought under the Warsaw Convention, upheld the District of Massachusetts' determination that "[t]his Court has jurisdiction under 28 U.S.C. § 1331." *Seth v. British Overseas Airways Corp.,* 216 F.Supp. 244, 247 (D.Mass.1963), *aff'd,* 329 F.2d 302 (1st Cir.1964). The court accepted that the Warsaw Convention is a United States treaty and as such, confers original jurisdiction on the federal courts. *Seth,* 216 F.Supp. at 245, 247 (granting judgment on first count based on the treaty conferring jurisdiction); *Seth,* 329 F.2d at 305 ("Seth's action, therefore, clearly to be one arising under a treaty of the United States").

The full force of the winds of change swept in with *Benjamins,* which overruled *Smith* and espoused the concept that the Warsaw Convention creates a separate and exclusive cause of action, thereby extending subject matter jurisdiction under section 1331. *Benjamins v. British European Airways,* 572 F.2d 913 (2d Cir.1978). After *Benjamins,* the federal courts of appeals have followed the Second Circuit's lead. *See Boehringer–Mannheim Diagnostics v. Pan Am. World,* 737 F.2d 456 (5th Cir.1984); *In re Mexico City Aircrash,* 708 F.2d 400 (9th Cir.1983); *Floyd v. Eastern Airlines, Inc.,* 872 F.2d 1462 (11th Cir.1989). *See generally* 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3563 n. 51 (2d ed.1984).

The District Court of Puerto Rico, also caught in the gales, held "that the Warsaw Convention does provide an independent cause of action", *Diaz Lugo v. American Airlines, Inc.,* 686 F.Supp. 373, 375 (D.P.R. 1988), aid that "[t]he convention's limitation and theory of liability are exclusive when, as here, all of Article 17 conditions have been met." *Id.* at 376.

Court is persuaded, as its brother Court was, that the Warsaw Convention provides an independent cause of action and that "the convention's limitation and theory of liability are exclusive." *Diaz Lugo,* 686 F.Supp. at 376. Just as important, the First Circuit has addressed this issue in Seth and this Court is bound by its precedence. Accordingly, this Court also adopts the reasoning and conclusion that because the Warsaw Convention provides the exclusive remedy for plaintiffs in this case the treaty also confers section 1331 jurisdiction.

Furthermore, although the Supreme Court never squarely addressed the issue of federal question jurisdiction, its recent decision in *Zicherman v. Korean Air Lines Co., Ltd.,* —— U.S. ——, ——, 116 S.Ct. 629, 634, 133 L.Ed.2d 596 (1996), appears to go against the paradigm that the Warsaw Convention creates a separate cause of action and therefore implicitly undermines treaty jurisdiction under section 1331. In rejecting the petitioner's argument that the Death on the High Seas Act provided the substantive remedies in actions under Art. 17 of the Warsaw Convention, the Supreme Court stated that "in an action brought under Article 17, the law of the Convention does not affect the substantive questions of who may bring suit and what they may be compensated for. Those questions are to be answered by the domestic law selected by the courts of the contracting states." *Id.* at ——, 116 S.Ct. at 634. An argument therefore can be made that because substantive questions are to be answered by domestic law, implicitly the Warsaw Convention would not be considered to create a separate cause of action. Thus, a cause of action brought under the Warsaw Convention would not arise under a treaty for federal question purposes under section 1331.

The Court will nevertheless follow the waters as charted by the First Circuit in *Seth* and the Second Circuit in *Benjamins.* First, because the Supreme Court did not squarely address the issue before this Court, the Court is not bound by an inferential holding. Second, the Supreme Court's decision in *Zicherman* does not address the possibility that the Warsaw Convention could provide for a separate cause of action and treaty jurisdiction while leaving the substantive questions of remedies to the domestic law. Third, the First Circuit does have a holding directly on point, albeit not a recent decision, which sets the course for this Court's decision.

The Court's determination that *Zicherman* has not overruled *Seth* and *Benjamins* finds support in a Fifth Circuit decision issued a few months after *Zicherman,* which stayed the course and held "that article 17 of the Warsaw Convention creates the exclusive cause of action and the exclusive remedy for all international transportation of persons performed by aircraft for hire." *Potter v. Delta Air Lines, Inc.,* 98 F.3d 881, 887 (5th Cir.1996) (distinguishing *Zicherman* ). Obviously, the Fifth Circuit is undaunted in its belief that the Warsaw Convention provides original jurisdiction to the federal courts.

 In the alternative, this Court would find that because the plaintiffs comply with the federal diversity jurisdiction under section 1332(a)(2) (i.e., American is a citizen of Delaware and Texas under section 1332(c)(1), and the plaintiffs are citizens of Barbados, West Indies), plaintiffs have independently established federal subject matter jurisdiction for this Court. Therefore, this Court would have subject matter jurisdiction regardless of which aforementioned method of determination is utilized. Because discovery disputes on file lead the Court to believe that plaintiffs are residents of Barbados, the Court therefore orders plaintiffs to amend the Complaint within ten (10) days to include an allegation as to those plaintiffs that may potentially be covered by diversity jurisdiction under section 1332.

 The next question presented by American's motion to dismiss is the propriety of venue in this district. "For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C.A. § 1391(c). Co-defendant American has not contested this Court's in personam jurisdiction, so the Court will deem American to reside in the District of Puerto Rico. Therefore, venue is

proper in the District of Puerto Rico, regardless of whether jurisdiction is founded solely on diversity, section 1391(a), or riot, section 1391(b). In sum, the Courts holds that venue is proper in the District of Puerto Rico.

### III. Conclusion

In conclusion, this Court holds that it has subject matter jurisdiction over this action and venue is proper. WHEREFORE the Court DENIES American's motion to dismiss.

IT IS SO ORDERED.